**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ELECTRICAL WORKERS PENSION TRUST
FUND OF LOCAL UNION #58, IBEW, et al.,

      Plaintiffs,

v.                                                Case No. 08-CV-11193

HIGH LINE ELECTRIC, LLC,

      Defendant.
                                       /

**OPINION AND ORDER DENYING "PLAINTIFFS' MOTION
FOR ALTERNATIVE SERVICE"**

Pending before the court is Plaintiffs' April 16, 2008 "Motion for Alternative Service." In their motion, Plaintiffs request permission to serve the summons and complaint on Defendant High Line Electric, LLC, by first class mail to Defendant's registered office in addition to either affixing a copy of the aforementioned documents to the front door of Defendant's registered office or leaving them with a responsible adult at that location. (Pls.' Mot. at 1-2.)

The court has reviewed the affidavit of the process server and finds that Plaintiffs have not sufficiently shown that service of process cannot reasonably be made as provided by Federal Rule of Civil Procedure 4. The affidavit avers that Defendant's registered office, allegedly located at 23437 Lakepointe Dr., Clinton Township, Michigan 48036, was not open during the times that service was attempted. (Affidavit, Pls.' Ex. A.) The affidavit further provides that, to date, service was attempted on three occasions: Friday, April 4, 2008, at 9:10 a.m. and 4:05 p.m. and on Monday, April 7,

2008, at 11:20 a.m. (*Id.*) The affidavit states that the process server "has been unable to ascertain when the business office is open." (*Id.*) This conclusion forms the basis for Plaintiff's position that they are unable to serve Defendant in the manner provided in Federal Rule of Civil Procedure 4.

"On a showing that service of process cannot reasonably be made [in the normal manner], the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." MCR 2.105(I)(1). The court is not persuaded that Plaintiffs have met this burden. Plaintiffs attempted to serve Defendant only three times and do not provide the court with any attempts Plaintiffs have made to determine when the business office in question might be open. Plaintiffs' efforts are hardly exhaustive and are therefore insufficient to form the basis for their requested relief. Accordingly,

IT IS ORDERED that "Plaintiffs' Motion for Alternative Service" [Dkt. # 3] is DENIED WITHOUT PREJUDICE. If, after more diligent efforts, Plaintiffs are still unable to serve Defendant, Plaintiffs may file another motion detailing their efforts and requesting alternate service.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 25, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 25, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522